# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      No. 19-cr-00436 WJ

CARLOS M. ESPINO, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S OPPOSED MOTION FOR REVIEW OF DETENTION ORDER AND RENEWED MOTION FOR IMMEDIATE RELEASE

**THIS MATTER** is before the Court following Defendant Carlos Espino's September 17, 2020, Motion for Review of Detention Order and Renewed Motion for Immediate Release. Doc. 47. Defendant presently awaits sentencing after pleading guilty to the charge of Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1). Doc. 15. Defendant has waived his right to representation and it was thus ordered that he proceed *pro se*. Doc. 28; Doc. 34. Defense counsel then filed a motion to withdraw consistent with this Court's August 6, 2020 Order, Doc. 34, and was appointed as standby counsel to Defendant by Chief Magistrate Judge Garza. Doc. 40.

## LAW

"If a [defendant] is ordered detained by a magistrate judge . . . the [defendant] may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The Court's review of a Magistrate Judge's detention order is de novo, though a hearing is not required. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003); *United States v. Greene*, 158 F. App'x 941, 942 (10th Cir. 2005). Because Defendant presently awaits sentencing, § 3143(a)(1) is the controlling statute, and states, in

relevant part, that:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1); *see* Fed. R. Crim. P. 46(c); s*ee also United States v. Johnson*, 652 F. App'x 619, 621 (10th Cir. 2016). There is a presumption of detention pending sentencing, and the presumption applies even where the low end of the guidelines' sentencing range is zero months. *Id.*

## DISCUSSION

Citing 18 U.S.C. § 3141(a) and (b), as well as 18 U.S.C. § 3142(i) and (ii), Defendant contends that his medical issues and various obstacles to preparing his defense are relevant to determining whether he should be released pending sentencing. Doc. 47 at 2. Because the Defendant proceeds *pro se* and because the subject motion is otherwise incomprehensible, the Court generously assumes that Defendant broadly avails to rationally applicable statutes concerning release, which is to say that the claims are grounded in either § 3142(i), which may permit temporary release for a "compelling reason," or 18 U.S.C. §§ 3143 and 3145(c), which together may allow revocation or amendment to a detention order if "exceptional reasons" are given to show that detention is inappropriate.

First, if Defendant's claims are grounded in § 3142(i) of the Bail Reform Act—the operative statute governing a defendant's release pending *trial*—which his motion implies to be the case, the claims fail. The operative statute governing any decision as to release pending *sentencing* is 18 U.S.C. § 3143. Fed. R. Crim. P. 46(c). While § 3142(i) does, in some circumstances, grant judicial officers authority to permit the temporary release of a defendant to

the extent such officer finds a "compelling reason" to do so, there is no nexus between § 3142(i) and § 3143; as the Federal Rules clearly state, the provisions of § 3142 apply to questions of pretrial release, and rather, questions concerning release pending sentencing or appeal are governed by § 3143. § 3142(i); Fed. R. Crim. P. 46(a) and (c). Thus, Defendant can make no claim under § 3142(i).

Alternatively, Defendant may have rested upon an interpretation of 18 U.S.C. § 3145(c), which provides that:

> [a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

*Id*. (emphasis added); *See United States v. Lopez*, 184 F. Supp. 3rd 1139, 1139 (D.N.M. 2016) (in event a defendant cannot meet § 3143's requirements, the only way a defendant may remain out of custody pending sentencing is by showing that there are exceptional reasons why detention would not be appropriate) (internal quotations omitted). The Tenth Circuit has fallen in line with other circuits that ruled the "exceptional reasons" provision of § 3145(c) can be heard and ruled upon by District Courts. *United States v. Jones*, 979 F.2d 804, 806; see, e.g., *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam).

Thus, under the Tenth Circuit's present interpretation of § 3145(c), Defendant is required to show, (1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person of the community if released under § 3143(a)(1), and (2) that exceptional circumstances make his detention inappropriate. *See U.S. v. Kinslow*, 105 F.3d 555 at 557 (10th Cir. 1997). Nonetheless, under this interpretation, Defendant's motion fails.

A.      Risk of Flight or Danger to Community

Defendant must overcome the presumption of detention by establishing with clear and convincing evidence that he is neither a flight risk nor a danger to the community, *Johnson*, 652 F. App'x at 621. Defendant has advanced nothing here to indicate that the Magistrate Judge's initial findings that he was a risk of flight or a danger to the community were erroneous or need to be revisited, but because he proceeds *pro se*, the Court will offer brief explanation as to both.

A brief review of some of Defendant's prior criminal history as stated in his Presentence Report (Doc. 16) (the "PSR") helps underscore the reasons Defendant was found to be a risk of flight and a danger to the community. Paragraph 31 of the PSR states that Defendant was sentenced by this Court to 70 months of incarceration for the felony offense of Felon in Possession of a Firearm. Paragraph 30 of the PSR states that Defendant was sentenced by the United States District Court for the Western District of Texas to a total of 45 months of incarceration for the felony offenses of Felon in Possession of a Firearm and Ammunition and Attempted Escape.  Paragraph 29 of the PSR states that Defendant was sentenced by the State District Court in Aztech, NM to 18 months of incarceration for the felony offense of Escape From Jail. Paragraph 27 of the PSR states that Defendant was sentenced by the State District Court in Roswell, NM to 9 years of incarceration, with 5 years suspended, for the felony offenses of Armed Robbery and Contributing to the Delinquency of a Minor.

Unquestionably, Defendant is a risk of flight. Notwithstanding that Defendant has failed to indicate that the Magistrate Judge's findings were incorrect, Doc. 9 at 2-3, and the above-referenced offenses set forth in the PSR, the detectives in this case were able to arrest Defendant because of information that he was "hiding in a storage room" that was attached to the Kilby Motel. Doc. 1 at 2. Furthermore, his arrest occurred 19 days following the issuance of an arrest warrant,

Defendant faces a considerable term of confinement and, according to the Magistrate Judge, the weight of evidence against Defendant is strong.

Defendant is likewise unquestionably a danger to the community. The Court is not inclined to believe that Defendant fails this analysis as a result of the charge to which he has pled guilty. For reasons unknown to the Court, the Government allowed Defendant to plea only to Felon in Possession of a Firearm and Ammunition, not to the questionable interaction underlying his arrest. Alone, this charge of Felon in Possession would not satisfy the requirements of clear danger to the community; however, because the Defendant has a previous felony conviction for Armed Robbery, the Court is convinced, as was the Magistrate Judge, that Defendant would, in fact, pose a danger to the community if released pre-sentencing.

B.    Exceptional Circumstances

While the record before the Court supports the government's claim that Defendant is both a flight risk and potential danger to the community, and Defendant has offered nothing to rebut such claims, it is important to note that risk of flight and danger to the community are merely predicate conditions of § 3143(a)(1), and notwithstanding any judgment as to whether Defendant meets any of these conditions, Defendant must demonstrate that *exceptional* circumstances exist, in tandem with the above conditions, to justify his release prior to sentencing. This, Defendant has not done. "Exceptional" is defined as being out of the ordinary; uncommon, rare. *United States v. Wages*, 271 Fed. Appx. 726, 727 (unpublished opinion) (quoting *Webster's Third New Int'l Dictionary (Unabridged)* 791 (G. & C. Merriam Co. 1976)) (internal quotations omitted). Defendant claims that certain health concerns as well as a fear of contracting COVID-19 constitute exceptional circumstances warranting release prior to sentencing. Doc. 47 at 2. Citing various other authorities, the Tenth Circuit has held that a defendant with allegedly exigent circumstances

similar to those at bar failed to overcome the presumption of detention in cases of presentence release. *Wages*, 271 Fed. Appx.at 728 (citing holding in *United States v. Mellies*, 496 F. Supp. 2d 930, 936-37 (M.D. Tenn. 2007); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (treatment was already available for defendant within the prison); *see also United States v. Eberhart,* 2020 WL 1450745, 2 (N.D. Cal. Mar. 25, 2020); *United States v. Martin*, 2020 WL 1274857, 2–3 (D. Md. Mar. 17, 2020) (declining defendant's motion for release when defendant had health conditions making him particularly sensitive to COVID-19); *United States v. Jai Montreal Winchester*, 2020 WL 1515683, 12 (M.D.N.C. Mar. 30, 2020) (declining to release a defendant presentence because his arguments "applie[d] equally to every detainee in detention" and were merely attempts to use the "current public health crisis as an opportunity to obtain . . . release by substituting conjecture, hyperbole, misstate for reasoning"). The Court has reviewed the facts set forth in Defendant's motion and finds that his medical conditions and fear of COVID-19 do not constitute unusual circumstances sufficient to overcome the presumption of detention.

     Finally, Defendant alleges a need to prepare his case as an exigent circumstance warranting presentence release. Namely, Defendant alleges that he has no access to a law library, research engine, internet, computer, legal publications, printer, etc. First, the Court finds this difficult to believe, as Defendant has inundated the Court with notices and motions which pertain to his case and include extensive, if confused, statutory and jurisprudential references. Second, though Defendant may be hindered in some regards, his limitations "appl[y] equally to every detainee in detention." *See Montreal Winchester*, 2020 WL at *12. Third, and most importantly, Defendant has already pled guilty to the charges set forth in the information, and his need for certain materials is considerably lessened to the extent they may relate to his *defense*. Perhaps this is why the language of § 3142(i) allowing for temporary release for "preparation of the person's defense" is not

present in § 3143, the operative statute concerning release after conviction (or plea) but prior to sentencing.

## CONCLUSION

For the reasons stated in this Memorandum Opinion and Order, Defendant's Opposed Motion for Review of Detention Order and Renewed Motion for Immediate Release (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE