IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                       No. 2:19-cr-00436-WJ-1

CARLOS M. ESPINO, JR.,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S NOTICE TO WITHDRAW GUILTY PLEA

**THIS MATTER** is before the Court upon Defendant's Notice to Withdraw Guilty Plea (Doc. 54) (the "Motion"), filed October 22, 2020, which notice the Court interprets as a motion. Having considered the Defendant's Motion, the transcript of Defendant's plea hearing (Doc. 30) (the "Plea Hearing"), conducted February 15, 2019, as well as the applicable law, the Court finds that Defendant's Motion is without merit and, therefore, is hereby **DENIED**.

### Background

In this case, Defendant pled guilty to the felony charge of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) as set forth in the Information filed against him (Doc. 12). *See* Doc. 30 at 7. Defendant now seeks to withdraw his guilty plea claiming that it was not adequately explained by his attorney, that he was "coerce[d], deceive[d], misled, and force[d]" to believe he "had no fighting chance, nor the chance to challenge, or dispute, the accusation of the claim/complaint" brought against him. Doc. 54 at 1. Defendant further makes

somewhat incomprehensible claims that his attorney at the time failed to properly investigate the case, to raise arguments and suppression motions, and to develop a strategy on Defendant's behalf, *Id*. at 1-2, claims which directly contradict sworn statements made by Defendant at the Plea Hearing.

## Discussion

As a preliminary matter, the Court finds that it need not conduct a hearing on the request to withdraw the plea; a hearing is not mandatory when the allegations on a motion to withdraw a guilty plea prior to sentencing merely contradict the record, are inherently incredible, or are simply conclusory. *United States v. Hernandez*, 277 F. App'x 775, 777 (10th Cir. 2008) (unpublished); *see also United States v. Carter*, 109 F. App'x 296 (10th Cir. 2004) (unpublished) ("A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea. Although the standard to be applied in granting a hearing is less rigorous than the standard for granting the motion to withdraw the plea, the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing. No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory.") (quoting *United States v. Gonzalez*, 970 F.2d 1095 (2nd Cir. 1992)) (internal citations omitted).

Here, Defendant appeared before United States Magistrate Judge Gregory Wormuth to enter his plea on February 15, 2019. Doc. 30. During the Plea Hearing, Judge Wormuth conducted a thorough questioning of Defendant prior to accepting the plea. Namely, Judge Wormuth first ensured that Defendant understood the proceedings, determining that Defendant was neither under the influence of drugs, alcohol or medication nor suffering any illness or medical issue that may

hinder his ability to understand, *Id*. at 6, and during the Plea Hearing, Defendant indicated under oath that (1) Defendant desired to plea guilty, *id.*, (2) Defendant was neither threatened nor forced in any way to make him plea guilty, *id.*, (3) Defendant thereby waived his rights to have a district judge preside over the plea hearing or a grand jury indict him prior to entering the plea, *id*. at 6-7, (4) Defendant read and understood the Information and the charges therein, *id.* at 7, (5) Defendant intended to plea to the Information, *id*. at 6-7, (6) Defendant understood that his guilty plea would forego his rights to a jury trial, *id*. at 7, (6) Defendant understood the elements of the offense and the punishment for said offense, *id.* at 8, (7) Defendant had enough time to talk to his attorney concerning the facts and circumstances of the case, *id*., (8) Defendant was satisfied with the advice and representation provided by his attorney, *id*., (9) Defendant was guilty of being a felon in possession of a firearm and ammunition, *id.* at 9, and (10) Defendant, after hearing from the Government what it would prove about Defendant were the case to go to trial, knew and confirmed the truthfulness of the Government's alleged facts against him. *Id*. at 10. Judge Wormuth concluded by finding Defendant competent and capable of entering an informed plea and aware of the nature of the charge against him and the consequences of pleading guilty thereto, that his plea was knowing and voluntary and supported by sufficient facts, and ultimately accepted the plea of guilty and adjudged Defendant guilty to the count set forth in the Information. *Id.*

A hearing is not mandatory in the instant case because the allegations set forth in the Motion contradict the record in every conceivable way and are fundamentally conclusory in nature. *See Hernandez*, 277 F. App'x at 777; *see also Carter*, 109 F. at 296. Specifically, Defendant alleges that he was misled as to his rights and coerced to believe that would have no chance to challenge the accusations made by the Government. The record shows, however, that Defendant understood his right to challenge the accusations before a jury were he to plea not guilty, and that Defendant

knowingly decided to waive such rights by admitting, under oath, both his guilt to the offense and

the truth of the Government's claims against him and by entering on the record a plea of guilty.

Further, Defendant acknowledged in light of the instructions given by Judge Wormuth—

instructions sufficiently probative of Defendant's understanding and decisive autonomy—that he

discussed, sufficient to his own satisfaction, the facts and circumstances of the case with his

attorney and approved of the representation he had received. *See* Doc. 30 at 8. Accordingly, the

Court finds that a hearing on Defendant's Motion is unnecessary.

The Court now turns to the merits.  Under Fed. R. Crim. P. 32(e), "[i]f a motion to withdraw

a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the

plea to be withdrawn if the defendant shows any fair and just reason." *See United States v. Siedlik*,

231 F.3d 744, 748 (10th Cir. 2000).  "The burden is on the defendant to establish a 'fair and just

reason' for the withdrawal of the plea." *Id.* Additionally, the Tenth Circuit refers to seven factors

when deciding whether a defendant has met the burden of demonstrating that the district court, in

denying a motion to withdraw a plea, acted unjustly or unfairly:

> (1) whether the defendant has asserted his innocence; (2) whether the government
> will be prejudiced if the motion is granted; (3) whether the defendant has delayed
> in filing the motion; (4) the inconvenience to the court if the motion is granted; (5)
> the quality of the defendant's assistance of counsel; (6) whether the plea was
> knowing and voluntary; and (7) whether the granting of the motion would cause a
> waste of judicial resources.

*Id.* at 749. Quite unquestionably, the record here indicates that the plea was knowing and

voluntary and that Defendant was satisfied with his attorney at the time of his plea hearing,

Defendant has not asserted innocence, and the delay and waste of judicial and Government

resources resulting from the withdrawal of a substantiated and properly entered plea of guilty made

nearly two years ago, as well Defendant's other meritless motions and notices, will continue to

inconvenience the Court and prejudice the Government, as both have operated under the

4

impression that this matter was resolved.  Defendant has provided no evidence demonstrating any basis for a withdrawn of his plea beyond conclusory allegations that contradict his sworn statements made at the Plea Hearing.  Accordingly, Defendant's Notice to Withdraw Guilty Plea is hereby **DENIED**.

      **IT IS SO ORDERED**.

                                                  WILLIAM P. JOHNSON
                                                  CHIEF UNITED STATES DISTRICT JUDGE